

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means  ☐ Original  ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
District of Oregon

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
A blue Samsung Galaxy Z Fold6 cell phone with a blue ) Case No. 3:24-mc-00824
and black case currently in the custody of the FBI )
Portland Division as described in Attachment A )
)

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____Oregon_____
*(identify the person or describe the property to be searched and give its location)*:

A blue Samsung Galaxy Z Fold6 cell phone with a blue and black case currently in the custody of the FBI Portland Division as described in Attachment A hereto.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

The information and items set forth in Attachment B hereto.

**YOU ARE COMMANDED** to execute this warrant on or before _____August 22, 2024_____ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m. ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____U.S. Magistrate Judge Beckerman, via Clerk_____.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: August 9, 2024 at 4:10 p.m.
/s/ Stacie F. Beckerman
*Judge's signature*

City and state: Portland, Oregon Hon. Stacie F. Beckerman, United States Magistrate Judge
*Printed name and title*

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| Return | | |
|---|---|---|
| Case No.: 3:24-mc-00824 | Date and time warrant executed: 8/21/24 5:06 p.m. | Copy of warrant and inventory left with: N/A |
| Inventory made in the presence of: N/A | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

Samsung Galaxy Z Fold 6 phone, blue with blue and black case

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 9/6/24

_____
Executing officer's signature

Craig Robinson, FBI Special Agent
*Printed name and title*

# ATTACHMENT A

1.  The property to be searched is a blue Samsung Galaxy Z Fold6 phone with a blue and black case, which was found on the person of **SINGH** at the time of the traffic stop that occurred on July 12, 2024, hereinafter "Device 1." Device 1 is currently in the custody of the FBI Portland Division located at 9109 NE Cascades Blvd., Portland, Oregon and identified and stored under FBI Case Number 196D-PD-3929089, Evidence Item 1B20.

2.  This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

# ATTACHMENT B

1. All records on Device 1 (the Device), as described in Attachment A, that relate to violations of Title 18, United States Code, Sections 1341, 1343, and 1349, to-wit: engaging in a conspiracy to commit mail and wire fraud and involve **Navjot SINGH,** including:

   a. All records, documents, or materials, including correspondence, pertaining to the commission of, or conspiracy to commit, mail fraud and wire fraud, as those terms are defined in 18 U.S.C. §§ 1341, 1343, and 1349;

   b. lists of victims and related identifying information;

   c. any information related to co-conspirators and associates involved in the above violations (including names, addresses, phone numbers, or any other identifying information);

   d. any information recording **SINGH's** schedule or travel from **January 1, 2024,** to the present; and,

   e. all bank records, checks, credit card bills, account information, and other financial records.

2. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

3. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or

stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

4. This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

## Search Procedure

5. The examination of the Device may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the Device to human inspection in order to determine whether it is evidence described by the warrant.

6. The initial examination of the Device will be performed within a reasonable amount of time not to exceed 120 days from the date of execution of the warrant. If the government needs additional time to conduct this review, it may seek an extension of the time period from the Court within the original 120-day period from the date of execution of the warrant. The government shall complete this review within 180 days of the date of execution of the warrant. If the government needs additional time to complete this review, it may seek an extension of the time period from the Court.

7. If, at the conclusion of the examination, law enforcement personnel determine that particular files or file folders on the Device or image do not contain any data falling within the scope of the warrant, they will not search or examine those files or folders further without authorization from the Court.  Law enforcement personnel may continue to examine files or data falling within the purview of the warrant, as well as data within the operating system, file system, software application, etc., relating to files or data that fall within the scope of the warrant, through the conclusion of the case.

8. If an examination is conducted, and it is determined that the Device does not contain any data falling within the ambit of the warrant, the government will return the Device to its owner within a reasonable period of time following the search and will seal any image of the Device, absent further authorization from the Court.

9. If the Device contains evidence, fruits, contraband, or is an instrumentality of a crime, the government may retain the Device as evidence, fruits, contraband, or an instrumentality of a crime or to commence forfeiture proceedings against the Device and/or the data contained therein.

10. The government will retain a forensic image of the Device for a number of reasons, including proving the authenticity of evidence to be used at trial, responding to questions regarding the corruption of data, establishing the chain of custody of data, refuting claims of fabricating, tampering, or destroying data, and addressing potential exculpatory evidence claims where, for example, a defendant claims that the government avoided its obligations by destroying data or returning it to a third party.